U.S. DISTRICT COURT FILED SEP 25 2014 WP S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KINSALE INSURANCE COMPANY,

Plaintiff,

-against-

OBMP NY, LLC, EDWARD GASKIN, SHAMEKKA GREEN, JOHN IACONO, TAHIRY JOSE and 701 WEST 135TH STREET NEW YORK LLC,

Defendants.

Civil Action No.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

14 CIV. 7792

JUDGE KARAS

Plaintiff, KINSALE INSURANCE COMPANY ("Kinsale") by and through its attorneys, WILSON ELSER MOSKOWITZ & DICKER LLP, alleges the following as its Complaint for Declaratory Judgment against defendants OBMP NY LLC ("OBMP"), EDWARD GASKIN ("Gaskin"), SHAMEKKA GREEN ("Green"), JOHN IACONO ("Iacono"), TAHIRY JOSE ("Jose") and 701 WEST 135TH STREET NEW YORK LLC ("701 West 135th"):

## NATURE OF ACTION

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 – 2202. Plaintiff seeks this Court's determination concerning the respective rights and obligations of the parties under an insurance policy issued by Kinsale to OBMP, with respect to an underlying action.

2. Kinsale seeks a declaration that it has no obligation under the policy it issued to OBMP to defend or indemnify the Defendants with respect to the underlying action and, alternatively, that the maximum total limit of liability under the policy for the claims asserted in the underlying action is a total of $25,000.00

3. Defendant OBMP operated a bar and lounge at 701 West 135th Street, New York, New York 10031 (the "Bar/Lounge") at all times relevant to this Action.

4. Upon information and belief, defendant 701 West 135th is the owner of the premises located at 701 West 135th Street, New York, New York.

5. Plaintiff, Kinsale, issued a commercial general liability insurance policy, Policy No.: 0100016612-0 ("Kinsale Policy") to OBMP that provides certain insurance coverage to OBMP dba Body Lounge, subject to the terms, conditions, exclusions, limitations and endorsements of the Kinsale Policy. *[Kinsale Policy annexed to this Complaint as Exhibit A]*

6. The policy period for the Kinsale Policy commenced on January 6, 2014 at 12:01a.m.

7. The Kinsale Policy was cancelled for non-payment of premium effective March 31, 2014 at 12:01a.m.

8. Defendants Gaskin and Green (collectively the "Claimants") through their counsel Monier Law Firm, PLLC ("Monier") advised Kinsale of an incident that occurred on March 31, 2014 at approximately 2:00a.m at the Bar/Lounge operated by OBMP.

9. The Claimants allege that Gaskin was shot in the hand at the Bar/Lounge and that Green was subsequently trampled when patrons left the Bar/Lounge following the shooting.

10. Claimants commenced a Civil Action in the Supreme Court in the State of New York, County of Bronx, captioned, *Edward Gaskin and Shamekka Green v. OBMP-NY, LLC dba Body Lounge, John Iacono, Tahiry Jose, 701 West 135th Street, New York LLC, 5 Point Security Corp., Manix Balandino, and Emmanuel Carella*, bearing *Index Number: 24126/2014E* (the "Underlining Action"). *[Underlying Complaint annexed to this Complaint as Exhibit B]*

11. In the Complaint filed in the Underlining Action (the "Underlying Complaint"), the Claimants allege that OBMP "had no assets, was under capitalized, and had no liability insurance in effect at the time of plaintiff's loss, …"

12. In the Underlying Complaint, the Claimants further allege that Iacono, through his domination of OBMP, "(1) misused the legal entity form; (2) ignored the formalities of a limited liability company's existence; and (3) deposited funds and withdrew funds from the company for personal rather than for business purposes."

13. In the Underlying Complaint, the Claimants further allege that Jose, through her domination of OBMP, "(1) misused the legal entity form; (2) ignored the formalities of a limited liability company's existence; and (3) deposited funds and withdrew funds from the company for personal rather than for business purposes."

14. In the Underlying Complaint, the Claimants allege that OBMP "was and is a legal fiction and alter ego of their *[Iacono and Jose]* individual identities and the form of the legal entity should be disregarded and judgment entered against these Defendants individually, jointly and severely, for the damages proximately caused by their tortuous conduct…"

15. In the Underlying Complaint, the Claimants further alleges that Iacono and Jose were "individually involved in the commission of the Torts against the plaintiffs…involved in the day-to-day operation of the activities and relevant transactions alleged herein, including the negligent hiring of security personnel, the inadequate provision of security for the guests of the nightclub, the inadequate control of the guests in the aftermath of the shooting at the nightclub," and are accordingly "individually liable" to the Claimants.

16. In the Underlying Complaint, the Claimants allege that the Bar/Lounge located at 701 West 135th Street, New York, New York operated under the trade name or business name of "SUITE 135".

17. In the Underlying Complaint, the Claimants allege that they were present at the Bar/Lounge on March 31, 2014.

18. In the Underlying Complaint, the Claimants further allege that while they were present at the Bar/Lounge on March 31, 2014, a third-party guest assaulted Gaskin, causing him to sustain a gunshot wound and other personal injuries.

19. In the Underlying Complaint, the Claimants allege that the bodily injuries sustained by Gaskin on March 31, 2014 were caused by reason of the negligence of the defendants to the Underlying Action, including OBMP, Iacono, Jose and 701 West 135th.

20. In the Underlying Complaint, the Claimants allege that "as a result of that gunshot *[the gunshot that purportedly injured Gaskin on March 31, 2014]* the guests at Suite 135 *[the Bar/Lounge]* began running for the exits and as a result of the Defendants failing to provide adequate and proper security inside the nightclub to control the crowds and to assist in an orderly exit, the plaintiff, Shamekka Green, was caused to be thrown to the ground, to be trampled upon and to sustain serious personal injuries as a result of the negligence" of the defendants to the Underlying Action, including OBMP, Iacono, Jose, 701 West 135th.

21. The Kinsale Policy was cancelled effective 12:01a.m. on March 31, 2014.

22. Therefore, the Kinsale Policy does not provide coverage to OBMP or any other person or entity for the claims asserted by the Claimants because the Claimants' alleged bodily injuries occurred after the Kinsale Policy was already cancelled and no longer in effect.

23. The Claimants, through Monier, notified Kinsale that they will seek a recovery for their bodily injuries under the Kinsale Policy.

24. The Claimants, through Monier, stated that they do not accept that the Kinsale Policy was cancelled effective 12:01 am on March 31, 2014, prior to the Claimants sustaining their alleged bodily injuries at the Bar/Lounge.

25. The Claimants, through Monier, notified Kinsale that they do not accept that there is no coverage under the Kinsale Policy for the claims asserted by the Claimants in the Underlying Action.

26. Kinsale has no duty to defend or indemnify OBMP or any other person or entity seeking coverage under the Kinsale Policy for any of the claims asserted in the Underlying Action against the defendants to this Action.

27. Kinsale now files this Action based upon the terms, conditions, exclusions, limitations and endorsements of the Kinsale Policy, including the cancellation notice Kinsale issued, seeking a declaration that Kinsale has no duty to defend or indemnify OBMP or any other person or entity seeking coverage under the Kinsale Policy with respect to the Underlining Action and the claims asserted by the Claimants.

**THE PARTIES**

28. Kinsale Insurance Company is an Arkansas Corporation with its principal place of business at 221 Edward Holland Drive, Suite 600, Richmond, Virginia 23230.

29. Kinsale is a foreign, eligible surplus lines insurer in the State of New York.

30. Upon information and belief, defendant OBMP NY LLC is a New York domestic limited liability company with a principal place of business at 701 West 135th, New York, New York 10031.

31. Upon information and belief, defendant Edward Gaskin is a natural person and is and was a resident of the County, City and State of New York at all times relevant to this Action.

32. Upon information and belief, defendant Shamekka Green is a natural person and is and was a resident of the County, City and State of New York at all times relevant to this Action.

33. Upon information and belief, defendant John Iacono is a natural person and is and was a resident of the Borough of East Stroudsburg, County of Monroe, State of Pennsylvania at all times relevant to this Action.

34. Upon information and belief defendant Tahiry Jose is a natural person and is and was a resident of the County, City and State of New York at all times relevant to this Action.

35. Upon information and belief defendant 701 West 135th Street New York, LLC is and was a New York domestic limited liability company with a principal place of business at 825 Third Avenue, 37th Floor, New York, New York 10022 at all times relevant to this Action.

**JURISDICTION AND VENUE**

36. Subject matter jurisdiction is based upon 28 U.S.C. §1332, 28 U.S.C. §2201 and 28 U.S.C. § 2202 because the action involves citizens of different states, the amount in controversy exceeds the sum of $75,000 and Kinsale seeks a declaration of the rights of the parties under the Kinsale Policy.

37. Personal jurisdiction over OBMP is proper as it is a citizen of New York and conducts its business in the State of New York.

38. Personal jurisdiction over Gaskin is proper as he is a citizen of the State of New York.

39. Personal jurisdiction over Green is proper as she is a citizen of the State of New York.

40. Personal jurisdiction over John Iacono is proper as he conducted business in the State of New York at the Bar/Lounge at the times relevant to this Action.

41. Personal jurisdiction over Tahiry Jose is proper as she is a citizen of the State of New York and conducted business in the State of New York at the Bar/Lounge at the times relevant to this Action.

42. Personal jurisdiction over 701 West 135th is proper as it is a citizen of the State of New York, conducts its business in the State of New York and owns the property at 701 West 135th Street, New York, New York, where the Bar/Lounge is located.

43. Venue is proper in the Southern District of New York under 28 U.S.C.A. §1391 because a substantial part of the events giving rise to the claim occurred in this District.

44. An actual controversy exists between the parties regarding their respective rights and obligations under the Kinsale Policy.

**FACTUAL BACKGROUND**

45. On June 27, 2014 Kinsale received an e-mail from CRC Services, a broker, transmitting a letter from Monier dated April 11, 2014 advising OBMP, Iacono and Jose, among others, that Monier had been retained to represent the Claimants in connection with their claims for bodily injuries sustained at the Bar/Lounge.

46. The June 27, 2014 e-mail was the first notice that Kinsale received concerning the Claimants' claims.

47. Kinsale subsequently undertook an investigation and determined that the injuries complained of by Gaskin consisted of a bullet shot through his hand while he was a patron at the Bar/Lounge.

48. Kinsale subsequently undertook an investigation and determined that Green purportedly sustained injuries while she was trying to exit the Bar/Lounge following the shooting.

49. The Claimants were at the Bar/Lounge with others celebrating Gaskin's birthday.

50. Monier provided to Kinsale a New York City Policy Department Omniform System-Complaint Report No.: 2014-030-01375 (the "Police Report").

51.    The Police Report states that the occurrence, consisting of an assault, occurred from 1:50 a.m. on March 31, 2014 through 2:15a.m. on March 31, 2014.

52.    By letter dated July 10, 2014 Kinsale wrote to OBMP acknowledging receipt of the claim forwarded on behalf of the Claimants and denying coverage under the Kinsale Policy.

53.    Kinsale advised OBMP that pursuant to the terms and conditions of the Kinsale Policy, the Kinsale Policy only covers bodily injury that occurs during the Kinsale Policy period.

54.    Kinsale further advised OBMP that the Kinsale Policy  incepted on January 6, 2014 and was cancelled effective March 31, 2014 at 12:01a.m.

55.    The Kinsale letter of July 10, 2014 noted that the bodily injuries complained of by the Claimants occurred at approximately 2:00 a.m. on March 31, 2014.

56.    In addition, the July 10, 2014 letter informed OBMP that Claimants' injuries occurred after the expiration of the Kinsale Policy, and that as a result there was no coverage for the Claimants' claims.

57.    The Kinsale letter of July 10, 2014 further advised OBMP to report the matter to OBMP's then current insurance carrier.

58.    In the Kinsale letter of July 10, 2014 Kinsale reserved rights to assert other terms, limitations, exclusions, conditions or agreements under the Kinsale Policy and the right to amend its declination.

59.    The July 10, 2014 declination of coverage to OBMP was also copied to Monier, Percon Brokerage, Inc. (a broker involved with the placement of coverage with Kinsale) and CRC Services, Inc. (a broker involved with the placement of coverage with Kinsale).

60.    As part of its continued investigation, Kinsale obtained confirmation from the manager of the Bar/Lounge who was working on March 30 and 31, 2014, that the incident in

which the Claimants were allegedly injured occurred at approximately 2:00 a.m. during the morning of March 31, 2014.

61. On or about July 23, 2014 Monier sent a letter to Kinsale responding to Kinsale's July 10, 2014 letter.

62. The July 23, 2014 letter by Monier attempted to contest the effectiveness of Kinsale's cancellation of the Kinsale Policy as of March 31, 2014 at 12:01 a.m.

63. In the July 23, 2014 letter, Monier argued that "under §3426 of NY's Insurance Law the subject policy of insurance continued in full force and effect through the bodily injury suffered by my clients *[the Claimants]*, a mere 2 hours after *[approximately 2:00 a.m.]* you claim your policy ceased providing coverage, by operation of law, which supersedes the language of your policy."

64. In the July 23, 2014 letter, Monier concedes that the injury occurred 2 hours after 12:01 a.m. on March 31, 2014.

65. In the July 23, 2014 letter, Monier contended that the Kinsale Policy could not be cancelled in the manner that it was cancelled.

66. The July 23, 2014 letter threatened "unless your disclaimer is rescinded and my office is notified that you will appear, defend and indemnify your insured in connection with this loss, we will take all necessary steps to litigate these claims, enter a default if no Answer is interposed, and seek a declaratory judgment from the court directing payment from the subject policy of insurance at the appropriate time".

67. By letter dated July 25, 2014, Kinsale responded to Monier informing him that Kinsale, as an Excess and Surplus Lines insurer, was not subject to the policy cancellation procedure set forth in §3426 of the NY Insurance Law.

68. In the July 25, 2014 letter, Kinsale further notified Monier "as an excess lines insurer, our policy cancellation procedures must follow the terms stated in the Policy, which indicate that we may cancel a policy for non-payment of premiums, by mailing or delivering to the first named insured, at their last known address, written notice of cancellation at least ten (10) days before the effective date of the cancellation".

69. In the July 25, 2014 letter, Monier was again advised that the Kinsale Policy was cancelled for non-payment of premium effective March 31, 2014 at 12:01 a.m.

70. In the July 25, 2014 letter, Kinsale further advised Monier that it was maintaining the coverage position set forth in its letter of July 10, 2014, that Kinsale has no duty to defend, indemnify or take any action with respect to the claim by the Claimants. A copy of the July 10, 2014 declination letter sent by Kinsale was annexed to the July 25, 2014 letter and incorporated by reference.

71. By letter dated August 7, 2014, Monier responded to Kinsale's correspondence and requested certain documentation concerning the Kinsale Policy that Monier believed should exists based upon other provisions of the Insurance Code.

72. By letter dated August 26, 2014, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP ("Wilson Elser"), as counsel for Kinsale, responded to the Monier letter of August 7, 2014.

73. Wilson Elser informed Monier that the insurance law provisions cited in his August 7, 2014 letter applied to excess lines brokers, and not insurers, and that the sections of the Insurance Code referenced in his letter did not give rise to any private cause of action.

74. The August 26, 2014 letter informed Monier that Kinsale had no obligation to provide the information that was requested.

75. The August 26, 2014 letter reasserted and preserved all prior reservations and coverage positions, including that the Claimants' alleged bodily injuries occurred after the cancellation of the Kinsale Policy was effective..

76. On September 4, 2014 Wilson Elser forwarded to Monier a copy of the Notice of Cancellation that Kinsale had previously forwarded to OBMP and CRC Insurance Services-Manhattan on March 18, 2014. *[Notice of Cancellation is annexed to Complaint as Exhibit C]*

77. By e-mail transmission dated September 13, 2014, Wilson Elser received a copy of a letter from Monier dated September 8, 2014.

78. The September 8, 2014 correspondence again contested the effectiveness of the cancellation of the Kinsale Policy as of March 31, 2014 at 12:01 a.m.

79. In the September 8, 2014 letter, Monier argued on behalf of Claimants that the Kinsale Policy did not terminate until the end of the day on March 31, 2014 and stated "it remains our position that the Plaintiffs' losses which occurred at approximately 2 am on March 31, 2014 were covered events under the subject policy of insurance".

80. In the September 8, 2014 letter, Monier further threatened that "in the event a judgment is obtained against your insured *[OBMP]*, by default or otherwise, we will seek to collect the full amount from the subject policy of insurance."

81. By letter dated September 16, 2014, Wilson Elser responded to the September 8, 2014 letter, and acknowledged Monier's statement that "the plaintiff's losses occurred at approximately 2 am on March 31, 2014."

82. The September 16, 2014 letter also informed Monier that his arguments about the cancellation of the Kinsale Policy on March 31, 2014 at 12:01 a.m. not being effective were erroneous and without valid basis in fact or in law.

83. Controlling legal authority was included in the September 16, 2014 correspondence for Monier's guidance.

84. The September 16, 2014 letter again informed Monier that the Kinsale Policy was unequivocally cancelled, effective March 31, 2014 at 12:01 a.m. due to non-payment to premium.

85. The September 16, 2014 letter reiterated all of the prior letters declining coverage and continued to reserve Kinsale's right to assert additional terms, conditions, exclusions, endorsements and/or provisions under the Kinsale Policy, and at law and equity.

**LAWSUIT**

86. On September 4, 2014, the Claimants commenced the Underlying Action in the Supreme Court of the State of New York, County of the Bronx and, on the following day, forwarded a copy of the Summons and Complaint to Kinsale, with a copy to Wilson, Elser.

87. The Underlying Action relates to the injuries that were purportedly sustained by the Claimants at the Bar/Lounge operated by OBMP at 701 West 135th Street, New York, New York, on March 31, 2014 at approximately 2:00 a.m.

88. It is uncontested that Claimants' bodily injuries occurred at approximately 2 a.m. on March 31, 2014.

89. It is uncontested that the bodily injuries for which coverage is being sought under the Kinsale Policy occurred after March 31, 2014 at 12:01 a.m.

**INSURANCE POLICY**

90. Kinsale issued a Commercial General Liability Insurance Policy to OBMP effective January 6, 2014 at 12:01 a.m.

91. The Kinsale Policy was issued in connection with OBMP's nightclub operations at 701 West 135th Street, New York, New York *[the Bar/Lounge]*.

92. In Section I - Coverages, 1.0 Insuring Agreement, the Kinsale Policy states in relevant part, "we will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies…we will have no duty to defend the insured against any suit seeking damages for bodily injury or property damage to which this insurance does not apply…this insurance applies to bodily injury and property damage only if…the bodily injury or property damage occurs during the policy period.."

93. The Kinsale Policy contains an endorsement captioned Common Conditions – Casualty *[form CAS2007 0110]* and a provision headed Cancellation which states, in relevant part, "b. We *[Kinsale]* may cancel this policy by mailing or delivering to the first named insured written notice of cancellation at least: 1) ten (10) days before the effective date of cancellation if we cancel for non-payment of premium… c. We will either mail or deliver our notice to the first named insured's last mailing address known to us… d. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date… f. If notice is mailed, proof of mailing will be sufficient proof of notice."

94. The Kinsale policy contains an endorsement captioned Amended Limit of Insurance – Assault and Battery *[form CAS4012 0311]*, which states that $25,000 is the maximum amount per occurrence Kinsale will "pay for all damages arising out of any claim or suit because of bodily injury, injury, property damage, or personal and advertising injury, arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked."

95. The Amended Limit of Insurance – Assault and Battery further provides, "The Limit of Insurance shown in the Schedule above applies to any claim or suit or any actual or alleged bodily injury, injury, property damage, or personal and advertising injury arises out of a

chain of events that includes assault, battery, harmful or offensive conduct, or threat regardless of whether the assault, battery, harmful or offensive contact, or threat is the initial precipitating event or is in any way a cause of the bodily injury, injury, property damage or a personal and advertising injury." The provision lists, without limitation, a series of instances to which the $25,000 per occurrence limit, subject to a $50,000 aggregate limit, applies.

96. To the extent that there is any coverage available for the claims asserted by the Claimants in the Underlying Action, which Kinsale denies, the limit of coverage would be limited to $25,000.

97. The Kinsale Policy contains an endorsement captioned Additional Insured – Managers or Lessors of Premises *[form CAS5007 0110]*, which amends the Kinsale Policy to include 701 West 135th as an additional insured for the "vicarious liability imposed on the Additional Insured *[701 West 135th]* that is solely caused by the ownership, maintenance or use of that part of the premises leased to you *[to OBMP]* by the Additional Insured shown in the above schedule *[701 West 135th]*.

98. The Additional Insured – Managers or Lessors of Premises endorsement further states that "Where there is no duty to defend the Named Insured *[OBMP]*, there is no duty to defend the Additional Insured *[701 West 135th]*. Where there is no duty to indemnify the Named Insured *[OBMP]*, there is no duty to indemnify the Additional Insured *[701 West 135th]*.

99. If there is no coverage for defense and indemnity under the Kinsale Policy for OBMP, then there is no coverage for defense and indemnity under the Kinsale Policy for 701 West 135th.

100. On March 18, 2014, Kinsale forwarded to OBMP and its insurance brokers a notice of cancellation which stated, "In accordance with the policy terms and conditions you are notified that the policy referenced above *[No.: 0100016612-0]* will be cancelled effective

3/31/2014 at 12:01 a.m. at the address of the Named Insured." The Notice of Cancellation further stated, "on the date referenced above, coverage under your policy will terminate."

101. The Kinsale Policy does not provide coverage to any party to this Action with respect to the Underlying Action and Kinsale has not duty to defend or indemnify any party with respect to the Underlying Action.

**AS AND FOR A FIRST CAUSE OF ACTION**

102. Kinsale repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "101" inclusive, with the same force and effect as if set forth in full here.

103. The Kinsale Policy issued to OBMP was cancelled effective as of March 31, 2014 at 12:01 a.m.

104. It was alleged by the Claimants and in the Underlying Action that the bodily injuries sustained by the Claimants occurred at the Bar/Lounge after 12:01 a.m. on March 31, 2014.

105. Once the Kinsale Policy was cancelled, it was not re-instated to provide coverage for the bodily injuries complained of by the Claimants.

106. Accordingly, Kinsale has no obligation under the Kinsale Policy to defend or indemnify OBMP, 701 West 135th Iacono or Jose with respect to the Underlying Action.

**AS AND FOR A SECOND CAUSE OF ACTION**

107. Kinsale repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "106" inclusive, with the same force and effect as if set forth in full here.

108. The Kinsale Policy issued to OBMP was cancelled effective as of March 31, 2014 at 12:01 a.m.

109.     It was alleged by the Claimants and in the Underlying Action that the bodily injuries sustained by the Claimants occurred at the Bar/Lounge after 12:01 a.m. on March 31, 2014.

110.     The Kinsale Policy in Section II – Who is an Insured, provides that "if you are designated in the Declarations as: "…a limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers."

111.     Iacono and Jose have not reported the claims asserted against them in the Underlying Action to Kinsale and are not presently seeking coverage from Kinsale under the Kinsale Policy.

112.     The Underlying Complaint asserts that Iacono and Jose each acted and were involved individually, and not under the limited liability company umbrella of OBMP.

113.     The status and position of Iacono and Jose are not presently known, although it is alleged in the Underlying Action that they "disregarded the formality for the limited liability company," that the limited liability company was a "legal fiction and alter ego of their individual identities" and that "judgment *[should be]* entered against these defendants individually" for the damages proximately caused by their tortuous conduct."

114.     The Underlying Complaint alleges that Iacono "was individually involved in the commission of torts against the plaintiffs…and accordingly is individually liable to the plaintiffs."

115.     The Underlying Complaint further alleges that Jose "was individually involved in the commission of the torts against the plaintiffs… and accordingly is individually liable to the plaintiffs."

116. To the extent that Iacono and Jose are members of OBMP, they are only insured with respect to the conduct of OBMP's business and to the extent that Iacono and Jose are managers of OBMP, they are only insured with respect to their duties as OBMP's managers.

117. To the extent Iacono and Jose qualify as insureds under the Kinsale Policy, notwithstanding the foregoing allegations which would preclude that, the coverage available to them would not be any broader than the coverage available to OBMP.

118. Once the Kinsale Policy was cancelled, it was not re-instated to provide coverage for the bodily injuries complained of by the Claimants.

119. Accordingly, Kinsale has no obligation under the Kinsale Policy to defend or indemnify Iacono or Jose with respect to the Underlying Action, to the extent that they qualify as insureds.

**AS FOR A THIRD CAUSE OF ACTION**

120. Kinsale Insurance Company repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "119" inclusive, with the same force and effect as if set forth here.

121. The Kinsale policy issued to OBMP was cancelled as of March 31, 2014 at 12:01 a.m.

122. It was alleged by the Claimants and in the Underlying Action that the bodily injuries sustained by the Claimants occurred at the Bar/Lounge after 12:01 a.m. on March 31, 2014.

123. To the extent that the Kinsale Policy provides coverage for the claims asserted in the Underlying Action, which Kinsale specifically denies, such coverage would be subject to the Amended Limit of Insurance – Assault and Battery endorsement, which amends the available

limit for the occurrence complained of in the Underlying Action to a maximum of $25,000 per occurrence and $50,000 in the aggregate.

124. The Claimants allege that the damages from bodily injuries sustained at the Bar/Lounge arise out of an assault and battery, as defined in the foregoing endorsement.

125. Accordingly, to the extent there is coverage for the occurrence alleged in the Underlying Complaint, which Kinsale specifically denies, Kinsale provides a maximum limit for all damages arising from the occurrence alleged in the Underlying Action to a total of $25,000.

**AS FOR A FOURTH CAUSE OF ACTION**

126. Kinsale Insurance Company repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "125" inclusive, with the same force and effect as if set forth here.

127. The Kinsale policy issued to OBMP was cancelled as of March 31, 2014 at 12:01 a.m.

128. It was alleged by the Claimants and in the Underlying Action that the bodily injuries sustained by the Claimants occurred at the Bar/Lounge after 12:01 a.m. on March 31, 2014.

129. The Kinsale policy contains an Additional Insured - Managers or Lessors of Premises endorsement, pursuant to which there is no duty to defend or indemnify an additional insured for liability that is not vicarious and solely caused by the ownership, maintenance or use of that part of the premises leased to the Named Insured.

130. Coverage for 701 West 135th, as an additional insured under the Kinsale Policy, would only be for vicarious liability imposed upon 701 West 135th that is solely caused by the ownership, maintenance or use of that part of the premises leased to OBMP by 701 West 135th.

131. To the extent 701 West 135th qualifies as an insured under the Kinsale Policy, the coverage available to it would not be any broader than the coverage available to OBMP.

132. Since there is no duty to defend and indemnify the named insured, OBMP, there is likewise no duty to defend and indemnify 701 West 135th.

133. Accordingly, Kinsale has no obligation under the Kinsale Policy to defend or indemnify 701 West 135th with respect to the Underlying Action, to the extent that it qualifies as an insured.

**AS FOR A SIXTH CAUSE OF ACTION**

134. Kinsale Insurance Company repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "133" inclusive, with the same force and effect as if set forth here.

135. The Kinsale policy issued to OBMP was cancelled as of March 31, 2014 at 12:01 a.m.

136. It was alleged by the Claimants and in the Underlying Action that the bodily injuries sustained by the Claimants occurred at the Bar/Lounge after 12:01 a.m. on March 31, 2014.

137. Kinsale has not violated any applicable laws with respect to the issuance and cancellation of the Kinsale Policy.

138. The Claimants are not Insureds or Additional Insureds under the Kinsale policy.

139. The Claimants have no standing to assert any violations of the New York Insurance Law as against Kinsale.

140. Accordingly, Kinsale has no obligations under the Kinsale Policy, whatsoever, to the Claimants with respect to the Underlying Action or to respond to any inquiries or requests for information or documents outside of any discovery obligations in this Action.

**WHEREFORE,** Kinsale demands judgment against OBMP, Iacono, Jose, 701 West 135th, Gaskin and Green as follows:

a. A declaration that Kinsale has no obligation under the Kinsale Policy to defend or indemnify OBMP with respect to the claims in the Underlying Action;

b. A declaration that Kinsale had no obligation under the Kinsale Policy to defend or indemnify Iacono with respect to the claims in the Underlying Action;

c. A declaration that Kinsale has no obligation under the Kinsale Policy to defend and indemnify Jose with respect to the claims in the Underlying Action;

d. A declaration that Kinsale has no obligation under the Kinsale Policy to defend and indemnify 701 West 135th with respect to the claims in the Underlying Action;

e. A declaration that if there is coverage for any insured or additional insured under the Kinsale Policy for the claims asserted in the Underlying Complaint, that the limit of liability applicable to the occurrence alleged in the Underlying Complaint is a maximum of $25,000;

f. A declaration that Kinsale has no obligation under the Kinsale Policy to defend and indemnify 701 West 135th, as an additional insured under the Kinsale Policy because its alleged liability as asserted in the Underlying Complaint is not for vicarious liability imposed upon 701 West 135th that is solely caused by the ownership, maintenance or use of that part of the premises leased to OBMP by 701 West 135th.

g. A declaration that Kinsale has no obligation under the Kinsale Policy to defend and indemnify Iacono or Jose because their alleged liability as asserted in the Underlying Complaint is not as members of OBMP engaged in the conduct of OBMP's business and not as managers of OBMP carrying out their duties as OBMP's managers.

h. A declaration that Gaskin and Green have no rights or standing with respect to the Kinsale Policy.

i. Awarding Kinsale the cost of suit incurred herein, including reasonable attorney fees and disbursements; and

j. Awarding Kinsale such other and further relief that this Court deems just and proper.

Dated: White Plains, New York
September 25, 2014

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: ______________________

Helmut Beron [HB4760]
*Attorneys for Plaintiff*
Kinsale Insurance Company
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No. 11914.00033

TO: OBMP NY, LLC
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

701 West 135th Street New York LLC
c/o Secretary of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

Edward Gaskin
587 Riverside Drive, Apt. 5C
New York, New York 10031

Shamekka Green
301 West 130th Street, Apt. 2F
New York, New York 10027

John Iacono
3250 Cranberry Heights Drive
East Stroudsburg, PA 18301

Tahiry Jose
(c/o booking agent)
244 Madison Avenue, Suite 478
New York, New York 10016